Matter of State of New York v A.A. (2025 NY Slip Op 03171)

Matter of State of New York v A.A.

2025 NY Slip Op 03171

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 42014/21|Appeal No. 4438|Case No. 2024-02282|

[*1]In the Matter of State of New York, Petitioner-Respondent,
v
A.A., Respondent-Appellant.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Naomi M. Weinstein of counsel), for appellant.
Letitia James, Attorney General, New York (Anagha Sundararajan of counsel), for respondent.

Order, Supreme Court, Bronx County (Tara A. Collins, J.), entered March 8, 2024, which ordered respondent confined in a secure treatment facility as a dangerous sex offender, and bringing up for review an order, same court (David L. Lewis), entered May 5, 2023, finding, after a nonjury trial, that respondent is a detained sex offender suffering from a mental abnormality within the meaning of Mental Hygiene Law article 10, and an order, same court (Tara A. Collins), entered February 7, 2024, finding, after a dispositional hearing, that respondent is a dangerous sex offender requiring confinement, unanimously affirmed, without costs.
The State proved by clear and convincing evidence that respondent has a mental abnormality as defined by Mental Hygiene Law § 10.03(i), and that he is a dangerous sex offender requiring confinement. The totality of respondent's diagnosed mental abnormalities supports the finding that he has more than one "condition, disease or disorder" that predispose him to commit sex offenses and that will result in his having serious difficulty in controlling such conduct (Mental Hygiene Law § 10.03[i]; see Matter of State of New York v Dennis K., 27 NY3d 718, 743 [2016], cert denied 580 US 1023 [2016]; Matter of State of New York v Richard V., 228 AD3d 109, 118 [1st Dept 2024]). Furthermore, the State experts linked respondent's diagnoses to his predisposition to commit sex crimes and his difficulty in controlling his sex-offending behavior (see Matter of State of New York v David D., 206 AD3d 481, 485 [1st Dept 2022]).
Contrary to respondent's position otherwise, Supreme Court did not contravene the statutory requirement that it consider "all available information about the prospects for the respondent's possible re-entry into the community," as well as "the conditions that would be imposed upon the respondent if subject to a regimen of strict and intensive supervision" (see Mental Hygiene Law § 10.07[f]). Clear and convincing evidence supports the finding that the mental abnormalities from which respondent suffers involve such a strong predisposition to commit sex offenses and such an inability to control his behavior that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (see Mental Hygiene Law § 10.07 [f]; David D., 206 AD3d at 485-486). Although there was expert testimony that respondent could find better treatment options if he lived in a community-based residential treatment center, community-based treatment was not a dispositional option available to the court (see Matter of State of New York v Nelson D., 22 NY3d 233, 238-239 [2013]; Matter of State of New York v Mahwee S., 232 AD3d 1325, 1326 [4th Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025